JOSEPH PICCALO, PLAINTIFF-APPELLEE, v. FRANK CAR-
BONELLI, DEFENDANT-APPELLANT.

Decided November 4, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *Charles G. Carluccio.* (*John W. Ockford,*
of counsel).

For the appellee, *Armstrong & Mullen* (*Arthur C. Mullen*
of counsel).

PER CURIAM.

This appeal comes before us on an agreed state of the case
between counsel of respective parties. There was a judg-
ment in favor of the plaintiff below, against the defendant
below, for the sum of $350. The state of the case is very
voluminous. Counsel of appellant, in his brief, says: "The
action was for personal injury and property damage, and
arose out of an automobile accident."

"There was a counter-claim, which however is not involved
in this appeal."

"The trial judge found as a fact that the defendant was
negligent, and that the plaintiff was not guilty of contributory
negligence, and appellant cannot question such finding on
this appeal."

"The court gave judgment for $350, and appellant con-
tends that this is error, because: '(a) The evidence does
not support an amount as large as this. (b) The true
measure of damages was not applied. (c) There was no legal
evidence to establish the value of the damaged property.' "

The grounds stated are the only grounds relied upon by appellant for a reversal of the judgment.

These three grounds are wholly without merit, for, according to the state of the case, agreed upon between the attorneys of the respective litigants, it was stipulated as follows:

"The plaintiff, Joseph Piccalo, was called as a witness in his own behalf and testified that he was the owner of a Reo ton and a quarter truck. That he is engaged in the retail butcher, poultry and produce business, at No. 384 Cliff street, Fairview, New Jersey, where he has been in business approximately seven years. That on the day upon which the accident occurred, he had gone in his usual manner, in the early morning, to the public market in New York, to purchase his load of meat, poultry, vegetables and fruit for that day. That he had purchased a full load of said supplies at the current market price in New York, and that the total cost of the load, including all the meat and produce, was $350, which load he was transporting from New York to his place of business, where he intended to sell, at retail, the load he was carrying. That he makes a similar trip nearly every day in the week for the same purpose."

On the day of the accident he was operating the said motor truck with a full load, when his truck was struck by the appellant's truck, and as a result of the collision, the truck of the plaintiff-appellee was tipped over, causing the load to slide from the truck, the greater portion going over the railing, down into the water, and the meats, which were on the bottom of the load, strewn on the street, dirty and made unfit to eat and worthless to the plaintiff. That the plaintiff did not recover any part of said load."

The appellant's grounds of appeal being limited solely to the question of damages, it is quite manifest from the foregoing recitation of facts, that the trial judge was warranted in finding that the plaintiff-appellee was the owner of the property, and said property was totally destroyed, and its value was $350. Therefore, it is quite clear that there is no merit in appellant's appeal on any of the grounds relied on.

Judgment is affirmed, with costs.